IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

WILLIAM L. HANCOCK, individually
and as the surviving spouse of
FLORENCE HANCOCK, deceased,

    Plaintiff,

vs.                                                        Civ. No. 03-892 JP/KBM

PAT JENNINGS, Chaves County Sheriff,
and DAN HARRISON, Chaves County
Deputy Sheriff,

    Defendants.

## MEMORANDUM OPINION AND ORDER

On August 25, 2003, the Defendants filed a Motion to Dismiss for Failure to State a Claim and on the Basis of Qualified Immunity (Doc. No. 8). Having reviewed the briefs and relevant law, the Court finds that the Defendants' Motion to Dismiss for Failure to State a Claim and on the Basis of Qualified Immunity should be granted in part and this lawsuit should be dismissed without prejudice.

A.  Background

The Plaintiff alleges that in August 2000 Defendant Chaves County Deputy Sheriff Dan Harrison injured Plaintiff's elderly wife, Florence Hancock, when he attempted to serve civil process by handing a summons and complaint to Mrs. Hancock. Mrs. Hancock subsequently died in March 2003. Her death was unrelated to the August 2000 incident involving Defendant Harrison. The Plaintiff is the surviving spouse of Mrs. Hancock. No probate of Mrs. Hancock's estate has been started and no personal representative has been appointed for Mrs. Hancock's estate.

This is a 42 U.S.C. §1983 civil rights case. The Plaintiff alleges in Plaintiff's Original Complaint that Defendant Harrison used unreasonable, unnecessary, and excessive force when he delivered the summons and complaint to Mrs. Hancock. Consequently, the Plaintiff claims that Defendant Harrison violated the Fourth and Fourteenth Amendments of the United States Constitution. The Plaintiff also alleges that Defendant Pat Jennings, the Chaves County Sheriff, willfully, deliberately, maliciously, or recklessly disregarded the constitutional rights of Mrs. Hancock by tolerating misconduct by his officers or encouraging officer misconduct by failing to adequately supervise, discipline, or train his officers. Moreover, the Plaintiff alleges that the Defendants' actions injured both himself and Mrs. Hancock.

The Defendants argue in their motion to dismiss that the Plaintiff does not have standing to bring the §1983 claims and has failed to state a §1983 claim. The Defendants also argue that the Plaintiff has failed to state a Fourteenth Amendment claim. For these reasons, the Defendants contend that the Plaintiff's claims should be dismissed with prejudice and Defendant Harrison afforded qualified immunity.

B. Motion to Dismiss Standard

In considering a motion to dismiss for failure to state a claim, the Court must liberally construe the pleadings, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor. *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984). The Court may dismiss the complaint if it appears to a certainty that the plaintiff can prove no set of facts in support of the plaintiff's claim which would entitle the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

C.  Discussion

    1.  Standing

The Plaintiff argues that he has standing to assert the claims of Mrs. Hancock's estate because no personal representative has been appointed who could bring those claims.  In the alternative, the Plaintiff argues that if he does not having standing to assert the claims on behalf of Mrs. Hancock's estate, he should be allowed a reasonable time under Fed. R. Civ. P. 17(a) to have a personal representative appointed and joined in this case.

Perhaps the most important of the jurisdictional doctrines is that of standing.  *Schaffer v. Clinton*, 240 F.3d 878, 882 (10th Cir.), *cert. denied*, 534 U.S. 992 (2001)(citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230 (1990)).  The plaintiff bears the burden of establishing standing. *Id.* at 883 (quoting *Raines v. Byrd*, 521 U.S. 811, 820 (1997)). The elements of standing are as follows:

> First, the plaintiff must have suffered an 'injury in fact'--an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of....  Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 882 (quoting *United States v. Hays*, 515 U.S. 737, 742-43 (1995)).  "In its starkest terms, the standing inquiry requires the Court to ask not only whether an injury has occurred, but whether the injury that has occurred may serve as the basis for a legal remedy in the federal courts." *Id.* at 883.

In this case, the Plaintiff alleges injuries to Mrs. Hancock and himself resulting from the Defendants' alleged violation of Mrs. Hancock's constitutional rights.  It is well-settled "that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the

3

rights of someone else." *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990)(citations omitted). Here, the Plaintiff does not allege any injuries to his own personal constitutional rights.

A family member, however, may be able to establish standing under §1983 by bringing a claim for deprivation of familial association. *See Trujillo v. Board. of County Com'rs of Santa Fe County*, 768 F.2d 1186, 1189 (10th Cir. 1985). To state a claim for interference with a familial association, the plaintiff must allege that the defendant intended to violate the personal constitutional rights of the plaintiff. *Id*. at 1190. An intent to violate the rights of the victim is not transferable to establish an intent to deprive the family member of personal constitutional rights. *Id*. The Plaintiff in this case does not allege that the Defendants intended to violate his personal constitutional rights when Defendant Harrison served the summons and complaint on Mrs. Hancock. In sum, the Plaintiff has failed to allege that the Defendants violated a legally protected interest belonging to him. The Plaintiff, therefore, lacks standing and this case should be dismissed for lack of subject matter jurisdiction.[1]

2. Fed. R. Civ. P. 17(a)

The Plaintiff argues that if he does not have standing to bring this lawsuit he should be allowed a reasonable time under Fed. R. Civ. P. 17(a) to have a personal representative appointed and joined in this case. *See Berry v. City of Muskogee, Okl.*, 900 F.2d 1489, 1506-07 (10th Cir. 1990)(the Tenth Circuit has held that the proper federal remedy in §1983 actions for injuries resulting in death is "a survival action, brought by the estate of the deceased victim."). Rule 17(a) states the following:

---

[1] Since the Court lacks subject matter jurisdiction in this lawsuit, it is unnecessary for the Court to address the Defendants' remaining arguments in favor of dismissal.

> No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.

The doctrine of real party in interest as expressed in Rule 17 is often confused with the doctrine of standing. *Federal Deposit Ins. Corp. v. Bachman*, 894 F.2d 1233, 1235 (10th Cir. 1990). "'[S]tanding pertains to suits brought by individuals or groups challenging governmental action which has allegedly prejudiced their interests. On the other hand, the real party in interest question is raised in those much rarer instances between private parties where a plaintiff's interest in not easily discernible.'" *Id*. at 1235-36 (quoting *Malamud v. Sinclair Oil Corp.*, 521 F.2d 1142, 1147 (6th Cir. 1975)). Because this case involves a challenge to governmental actions, the real party in interest doctrine is inapplicable. Consequently, Rule 17(a) is likewise inapplicable.

IT IS ORDERED that:

1. Defendants' Motion to Dismiss for Failure to State a Claim and on the Basis of Qualified Immunity (Doc. No. 8) is granted in part; and

2. this lawsuit will be dismissed without prejudice.

_____
SENIOR UNITED STATES DISTRICT JUDGE